WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation<br>MDL 09-2119-PHX-JAT<br>_____<br>This Order applies to:<br>CV 11-8085-PCT-JAT<br><br>Lady Jennifer Barone, individually and on behalf of a class of similarly situated individuals,<br><br>            Plaintiff,<br><br>v.<br><br>MERSCORP Incorporated, a Delaware corporation, Mortgage Electronic Registration Systems, Incorporated, a Delaware corporation,<br><br>            Defendants.<br>_____ | MDL 09-2119-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.'s (collectively, "MERS") Motion to Dismiss (MDL 09-2119, Doc. 1640).[1] The Court now rules on the Motion.

**I.     FACTUAL BACKGROUND**

---

[1] Defendant JPMorgan Chase Bank, N.A. filed a joinder to the Motion to Dismiss (Doc. 1642).

1  In 2005, Carmine Barone, Plaintiff's ex-husband entered into a loan transaction, secured by a Deed of Trust, with Ampro Mortgage to purchase property located at 7058 East Horizon Way, Prescott Valley, Arizona (the "Property"). MERS, acting solely as nominee for the Lender, was listed as beneficiary under the Deed of Trust. Carmine and Plaintiff became joint tenants of the property in 2007. Following a divorce in 2008, Carmine quitclaimed his interest in the property to Plaintiff and Plaintiff was awarded exclusive title to the property pursuant to a divorce decree. Plaintiff, however, was not a signatory on the note or Deed of Trust and does not allege that she ever became the obligor under the promissory note or the trustor on the Deed of Trust.

In her Complaint, Plaintiff alleges that the promissory note on the loan originally secured by the Deed of Trust became unsecured because the Note was separated from the Deed of Trust through the process of the Note being securitized, transferred and/or assigned to mortgage-backed security pools rendering the obligation under the Note unsecured. Plaintiff alleges that, because the Deed of Trust is no longer security for the note because of the securitization of the note, her residence is not subject to foreclosure proceedings. Plaintiff further alleges that, because MERS was not listed in the promissory note, it had no power to assign any beneficial interest in the note.

Plaintiff also alleges that Defendant MERS and/or Defendant Chase Home Finance violated Arizona Revised Statutes section 33-420 because they recorded a Corporate Assignment of Deed of Trust on the Property, wherein MERS attempted to assign all beneficial interest in the Deed of Trust together with the notes or notes therein described. Plaintiff alleges that Jennifer Hamlin, acting as assistant secretary for MERS, Inc. signed the document, but she was not employed by MERS and did not have authority to assign the document as an assistant secretary for MERS and had no knowledge of any of the representations contained in the document.

Plaintiff alleges that Defendant Chase Home Finance recorded a Substitution of Trustee related to the property, which was false because it was based on an invalid

- 2 -

assignment of the beneficial interest in the Deed of Trust to Chase and Chase did not have requisite authority to appoint the successor trustee. Plaintiff alleges that the Substitution of Trustee and Notice of Trustee's Sale were notarized in blank prior to being signed, and the signatures that appear on those documents were not actually signed by the parties that the signatures claim to represent.

## II. PROCEDURAL BACKGROUND

Plaintiff brought this action against Chase, MERSCORP Inc., and Mortgage Electronic Registration Systems, Inc. Thereafter, the case was transferred to the consolidated multidistrict litigation. After reviewing the complaint and motion to bifurcate, this Court remanded claims 1-3 and 6 of Plaintiff's Complaint and retained jurisdiction over claim 4 (wrongful foreclosure), claim five (false documents), claim 7 (declaratory relief), and claim 8 (injunctive relief). Defendants now move to dismiss the remaining claims in this case for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

- 3 -

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.*. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

**IV.   ANALYSIS**

At the outset, the Court notes that Plaintiff's claims, at least in part, are based on the premise that the promissory note has been split from the deed of trust as a result of the securitization of the Note, and thus Defendant must prove that it holds the note in order to conduct a non-judicial foreclosure. This argument has been rejected by the Arizona Supreme Court. *See Hogan v. Washington Mutual Bank, N.A.*, No. CV-11-0115-PR, ___ P.3d___, 2011 WL 7905162, at *1 (Ariz. May 18, 2012) ("We hold that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."). Further, in *Cervantes*, the Ninth Circuit Court of Appeals recognized "the notes and deeds are not irreparably split: the

- 4 -

1 split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of
2 the deeds, are not agents of the lenders." *Cervantes v. Countrywide Home Loans, Inc.*, 656
3 F.3d 1034, 1044 (9th Cir. 2011). Plaintiff attempts to distinguish *Cervantes*, by arguing that
4 she alleged that there was no agency relationship between MERS and the lender.

In *Cervantes*, the plaintiffs claimed that "all transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note." 656 F.3d at 1044. The Court of Appeals rejected such a widespread attack on the MERS system, stating "[e]ven if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose. The legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation." *Id.* at 1044.   Plaintiff has failed to distinguish this case from *Cervantes* through her conclusory allegation that an agency relationship did not exist between MERS and the lender due to the securitization of the Note. As in *Cervantes*, the Deed of Trust in this case likewise stated that MERS was acting "solely as a nominee for Lender and Lender's successors and assigns." *Id.* at 1042.

Further, this Court has previously rejected the argument that "as a lender's nominee, MERS cannot act as a lender's agent." *Bean v. BAC Home Loans Servicing, L.P.*, No CV11-553-PHX-GMS, 2012 WL 171435, at *1 -2 (D. Ariz. Jan. 20, 2012) (citing *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal.Rptr.3d 467, 479–80 (2011)).

Accordingly, to the extent that Plaintiff's claims rely on her theory that the promissory note has been split from the deed of trust because of the securitization of the promissory note or that MERS lacked authority to assign the deed of trust, Plaintiff has failed to state a claim upon which relief can be granted with respect to this theory.

The Court will now individually discuss Defendants arguments as to why each Claim should be dismissed for failure to state a claim upon which relief can be granted.

- 5 -

### A.     Claim Four - Wrongful Foreclosure

Defendants argue that Plaintiff has failed to state a claim for wrongful foreclosure under Arizona law because Arizona has not recognized the tort of wrongful foreclosure, Plaintiff's claim for wrongful foreclosure is based on the premise that MERS lacked the authority to assign the Deed of Trust, which is a meritless legal theory, and Plaintiff cannot state a claim for wrongful foreclosure because she was in default on her loan.

In Response, Plaintiff argues that her wrongful foreclosure claim should survive the pleading stage because "[i]t is plausible that a computer-based registration system had no standing to foreclose, or that any assignee of such an entity similarly has no standing to foreclose." This standing argument has been expressly rejected by the Arizona Supreme Court. *See Hogan*, 2011 WL 7905162, at * 1. Further, this Court has repeatedly held that, even if Arizona recognized a wrongful foreclosure cause of action, Plaintiff must allege lack of default for her wrongful foreclosure action to survive a motion to dismiss. *See, e.g.*, *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL Docket No. 09–2119–JAT, 2011 WL 4550189, at *6 (D. Ariz. Oct. 3, 2011) ("even if Arizona recognizes this tort, the same common law requirement for plaintiff to allege lack of default remains.").

Because Plaintiff has admitted that her loan payments were not current and her loan was in default, she has failed to state a claim upon which relief can be granted for wrongful foreclosure and Claim Four will be dismissed. *See, e.g.*, *id.* ("By failing to plead that their loans are not in default, Plaintiffs' claim for wrongful foreclosure is barred as a matter of law and will be dismissed for failure to state a claim.").

### B.     Claim Five - False Documents

Defendants argue that Claim Five of Plaintiff's Complaint should be dismissed because Arizona Revised Statutes section 33-420 does not apply to assignment of mortgages or deeds of trust and Plaintiff lacks standing to assert the robosigning allegations. This Court has repeatedly held that Arizona Revised Statutes section 33–420 does not apply to assignment of mortgages or deeds of trust and Plaintiff lacks standing to assert robosigning

- 6 -

1 allegations. *See, e.g.*, *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL Docket
2 No. 09–2119–JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) (A.R.S. § 33–420 does
3 not apply to assignments, substitution of trustees, and notices of trustee's sales and plaintiffs
4 lack standing on robosigning allegations, because "as third-party borrowers, [they] are
5 uninvolved and unaffected by the alleged [recorded] [a]ssignments, and do not possess
6 standing to assert a claim based on such"); *Henkels v. JP Morgan Chase Bank, Nat'l Ass'n*,
7 No. CV 11–00299–PHX–JAT, 2012 WL 10380, at * 2–3 (D. Ariz. Jan. 3, 2012) (same).

8   Plaintiff argues that every one of these cases misinterprets the false document statute.
9 The Court disagrees. Accordingly, Claim Five of Plaintiff's Complaint will be dismissed for
10 failure to state a claim upon which relief can be granted.

### C. Claims Seven (Declaratory Relief) & Nine (Injunctive Relief)

12   Plaintiff admits that her requests for injunctive and declaratory relief "are based on
13 her claims for violations of state law as set forth in Counts 4 and 5 of the Complaint." (Doc.
14 1652 at 15). Accordingly, because Plaintiff has failed to state a claim upon which relief can
15 be granted on Counts Four and Five, the subsidiary claims for relief must also be dismissed.
16 Accordingly, Counts Seven and Nine will also be dismissed.

### V. LEAVE TO AMEND

18   Plaintiff requests leave to amend if the Court determines that her Complaint has failed
19 to state a claim upon which relief can be granted. The Ninth Circuit has instructed district
20 courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the
21 court determines that the pleading could not possibly be cured by the allegations of other
22 facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*,
23 58 F.3d 494, 497 (9th Cir.1995)). Because Plaintiff's claims depend on legal theories that
24 have repeatedly been rejected by this Court, and in light of the foregoing analysis, the Court
25 finds that Plaintiff's Complaint could not be cured by allegations of other facts and, thus,
26 allowing Plaintiff to amend her Complaint would be futile. Accordingly, the Court will not
27 grant Plaintiff leave to amend.

## VII. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.'s (collectively, "MERS") Motion to Dismiss (MDL 09-2119, Doc. 1640) and Defendant JP Morgan Chase Bank, N.A.'s Joinder thereto (MDL 09-2119, Doc. 1642) are granted.

The Clerk of the Court shall enter judgment for Defendants.

The Clerk of the Court shall file a copy of this Order in MDL 09-2119-PHX-JAT and CV 11-8085-PCT-JAT.

DATED this 25th day of May, 2012.

*[signature]*

James A. Teilborg
United States District Judge